UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES V. WALLACE, | : |
|     Petitioner | : |
| | : |
| v. | : CIVIL NO. 1:11-CV-1936 |
| | : |
| DAVID EBBERT, Warden, | : |
| KEVIN BITTENBENDER, DHO | : |
|     Respondents | : |
| | : |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      We are considering Petitioner's objections to the Report and Recommendation ("R&R") of Magistrate Judge Blewitt, which recommends that we deny his petition for habeas relief.

      Petitioner's objections consist of the same arguments that were presented in his petition. On August 23, 2010, Petitioner, while an inmate confined at Allenwood Federal Correction Institution, was issued an incident report for violating Bureau of Prison ("BOP") Code 112, Use of Any Narcotics Not Prescribed by Medical Staff. The Disciplinary Hearing Officer ("DHO") imposed the following sanctions: (1) an eighteen month (18) loss of telephone privileges; (2) a three year loss of contact and no-contact privileges; (3) a fifty-four (54) day disallowance of Good Conduct Time ("GCT"); (4) a sixty (60) day disciplinary segregation; and (5) forfeiture of four hundred fifty-eight (458) days of non-vested GCT. Petitioner argues that the forfeiture of 458 days non-vested

GTC and 54 days disallowance of GTC is "harsh and unjust." Petitioner also asserts that the DHO improperly relied on his prior offenses to enhance the sanctions, in violation of BOP policy.

Magistrate Judge Blewitt found that the sanctions imposed by the DHO were within the sanction range permissible under 28 C.F.R. § 541.13. This section provides that an inmate found to have violated BOP Code 112 may be subject to the following sanctions:

> A) Recommend parole date rescision or retardation
> B) Forfeit earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
>     B.1) Disallow ordinarily between 50 and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
> C) Disciplinary Transfer (recommend).
> D) Disciplinary segregation (up to 60 days).
> E) Make monetary restitution.
> F) Withhold statutory good time (Note -- can be in addition to A through E -- cannot be the only sanction executed).
> G) Loss of privileges (Note -- can be in addition to A through E -- cannot be the only sanction executed).

28 C.F.R. § 541.13 (Table 3).

Petitioner's loss of phone and visitation privileges and his disciplinary segregation are within the guideline range. The guidelines also permit up to 100% loss of non-vested GTC. The only sanction imposed by the DHO that does not fall within the specified guidelines is the disallowance of 54 days of GTC. However, Section B.1 allows the disallowance of "ordinarily" between 50 and 75% of GTC. The DHO may impose a sanction "above the guideline range . . . for a greatly aggravated offense," if the

2

departure is "documented and justified in the DHO report." Id. at Table 4; see also Millard v. Hufford, 415 Fed. Appx. 348, 350 n.1 (3d Cir. 2011) (nonprecedential). Additionally, the DHO documented and justified the enhancement in his report. He explained that Petitioner's use of drugs, his fourth offense, "threatens both the orderly running of the facility and the safety of both staff and inmates." (Doc. 12, Exh. 1, at 3). The DHO also expresses concern about the inability to be involved in meaningful correctional programming if an inmate is using drugs. (Id.)

Petitioner argues that the DHO should not have considered his three prior drug offenses when enhancing his sanction. Magistrate Judge Blewitt addressed this concern, finding that the DHO had discretion to consider the offenses. We agree with this conclusion and adopt the Magistrate Judge's Report and Recommendation.

Petitioner does not object to the magistrate judge's findings that there was no procedural due process violation and that the DHO's decision was supported by sufficient evidence.

ACCORDINGLY, this 2nd day of July, 2012 upon consideration of the report and recommendation of the magistrate judge (Doc. 16), filed April 30, 2012, to which objections were filed, and upon independent review of the record, it is ordered that:

    1. The magistrate judge's report is adopted (Doc. 16).

    2. Petitoner's objection (Doc. 17) is overruled.

    3. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

    4.  The Clerk of Court shall close this file.

                                        /s/ William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge