UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES V. WALLACE,                    :
          Petitioner                 :
                                     :
          v.                         :   CIVIL NO. 1:11-CV-1936
                                     :
DAVID EBBERT, Warden,                :
KEVIN BITTENBENDER, DHO              :
          Respondents                :
                                     :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

        We are considering Petitioner's objections to the Report and

Recommendation ("R&R") of Magistrate Judge Blewitt, which recommends that we deny

his petition for habeas relief.

        Petitioner's objections consist of the same arguments that were presented

in his petition.  On August 23, 2010, Petitioner, while an inmate confined at Allenwood

Federal Correction Institution, was issued an incident report for violating Bureau of Prison

("BOP") Code 112, Use of Any Narcotics Not Prescribed by Medical Staff.  The

Disciplinary Hearing Officer ("DHO") imposed the following sanctions: (1) an eighteen

month (18) loss of telephone privileges; (2) a three year loss of contact and no-contact

privileges; (3) a fifty-four (54) day disallowance of Good Conduct Time ("GCT"); (4) a

sixty (60) day disciplinary segregation; and (5) forfeiture of four hundred fifty-eight (458)

days of non-vested GCT.  Petitioner argues that the forfeiture of 458 days non-vested

GTC and 54 days disallowance of GTC is "harsh and unjust."  Petitioner also asserts that

the DHO improperly relied on his prior offenses to enhance the sanctions, in violation of

BOP policy.

Magistrate Judge Blewitt found that the sanctions imposed by the DHO

were within the sanction range permissible under 28 C.F.R. § 541.13.  This section

provides that an inmate found to have violated BOP Code 112 may be subject to the

following sanctions:

> A) Recommend parole date rescission or retardation
> B) Forfeit earned statutory good time or non-vested good conduct time (up
> to 100%) and/or terminate or disallow extra good time (an extra good time
> or good conduct time sanction may not be suspended).
>    B.1) Disallow ordinarily between 50 and 75% (27-41 days) of good
>    conduct time credit available for year (a good conduct time sanction may
>    not be suspended).
> C) Disciplinary Transfer (recommend).
> D) Disciplinary segregation (up to 60 days).
> E) Make monetary restitution.
> F) Withhold statutory good time (Note -- can be in addition to A through E --
> cannot be the only sanction executed).
> G) Loss of privileges (Note -- can be in addition to A through E -- cannot be
> the only sanction executed).

28 C.F.R. § 541.13 (Table 3).

Petitioner's loss of phone and visitation privileges and his disciplinary

segregation are within the guideline range.  The guidelines also permit up to 100% loss

of non-vested GTC.  The only sanction imposed by the DHO that does not fall within the

specified guidelines is the disallowance of 54 days of GTC.  However, Section B.1 allows

the disallowance of "ordinarily" between 50 and 75% of GTC.  The DHO may impose a

sanction  "above the guideline range . . . for a greatly aggravated offense," if the

departure is "documented and justified in the DHO report." Id. at Table 4; see also
Millard v. Hufford, 415 Fed. Appx. 348, 350 n.1 (3d Cir. 2011) (nonprecedential).
Additionally, the DHO documented and justified the enhancement in his report.  He
explained that Petitioner's use of drugs, his fourth offense, "threatens both the orderly
running of the facility and the safety of both staff and inmates."  (Doc. 12, Exh. 1, at 3).
The DHO also expresses concern about the inability to be involved in meaningful
correctional programming if an inmate is using drugs.  (Id.)

Petitioner argues that the DHO should not have considered his three prior
drug offenses when enhancing his sanction.  Magistrate Judge Blewitt addressed this
concern, finding that the DHO had discretion to consider the offenses.  We agree with
this conclusion and adopt the Magistrate Judge's Report and Recommendation.

Petitioner does not object to the magistrate judge's findings that there was
no procedural due process violation and that the DHO's decision was supported by
sufficient evidence.

ACCORDINGLY, this 2nd day of July, 2012 upon consideration of the
report and recommendation of the magistrate judge (Doc. 16), filed April 30, 2012, to
which objections were filed, and upon independent review of the record, it is ordered
that:

> 1.  The magistrate judge's report is adopted (Doc. 16).
>
> 2.  Petitoner's objection (Doc. 17) is overruled.
>
> 3.  Petitioner's petition for writ of habeas corpus pursuant to
> 28 U.S.C. § 2241 is denied.

4.  The Clerk of Court shall close this file.


 /s/ William W. Caldwell
William W. Caldwell
United States District Judge